## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

MICHAEL LAWRENCE SALMON,

      Plaintiff,

v.

MATT ALAN SELBY, et al.,

      Defendants.

Case No. 25-2276-DDC-TJJ

## MEMORANDUM AND ORDER

Before the court is United States Magistrate Judge Teresa J. James's Report and Recommendation (Doc. 25). Magistrate Judge James recommends that the court dismiss this case for improper venue, lack of subject matter jurisdiction, Eleventh Amendment immunity, and failure to state a claim upon which relief can be granted. *Id.* at 9. Plaintiff Michael Lawrence Salmon[1] received notice of his right to file an objection to the Report and Recommendation within 14 days of its service under 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72. *Id.* The Report and Recommendation also explained that plaintiff must file any objections within the fourteen-day period to secure appellate review. *Id.*

The Clerk sent a copy of the Report and Recommendation to plaintiff by regular mail, using the address plaintiff provided to the court. *Id.* Service of the Report and Recommendation was accomplished by "mailing it to [plaintiff's] last known address—in which event service [was] completed upon mailing." Fed. R. Civ. P. 5(b)(2)(C); *ReVoal v. Brownback*, No. 14-4076,

---

[1] Because plaintiff appears pro se, the court construes his pleadings liberally and holds them "to a less stringent standard than formal pleadings drafted by lawyers." *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). But the court can't assume the role of his advocate. *Id.* Also, plaintiff's pro se status doesn't excuse him from "the burden of alleging sufficient facts on which a recognized legal claim could be based." *Id.*

2014 WL 5321093, at *1 (D. Kan. Oct. 16, 2014). "Mailing" occurred on July 22, 2025, when the Clerk mailed the Report and Recommendation to plaintiff. *See* Doc. 25. Thus, the time for plaintiff to file an objection expired on August 5, 2025.

That deadline passed two months ago, and plaintiff has not filed any objection. Nor has plaintiff sought to extend the time to object. And so, the court now can accept, adopt, and affirm the Report and Recommendation. And it does so. *See Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991) ("In the absence of timely objection, the district court may review a magistrate's report under any standard it deems appropriate."); *see also Garcia v. City of Albuquerque*, 232 F.3d 760, 766–67 (10th Cir. 2000) (explaining under Fed. R. Civ. P. 72(b) a district court must make a de novo determination only for those portions of the report and recommendation to which a party specifically has objected).

Having reviewed plaintiff's Complaint (Doc. 1) and Magistrate Judge James's Report and Recommendation (Doc. 25), the court adopts Magistrate Judge James's recommendation and dismisses plaintiff's Complaint (Doc. 1).

**IT IS THEREFORE ORDERED BY THE COURT THAT** plaintiff's Complaint (Doc. 1) is dismissed without prejudice.

**AND IT IS FURTHER ORDERED BY THE COURT THAT** the Report and Recommendation issued by United States Magistrate Judge Teresa J. James on July 22, 2025, (Doc. 25) is **ACCEPTED**, **ADOPTED, and AFFIRMED**.

**AND IT IS FURTHER ORDERED BY THE COURT THAT** plaintiff's Motions for Orders (Doc. 8; Doc. 9) and Motion to Expedite Hearing (Doc. 13) are dismissed as moot.

**IT IS SO ORDERED.**

**Dated this 9th day of October, 2025, at Kansas City, Kansas**

<u>**s/ Daniel D. Crabtree**</u>
**Daniel D. Crabtree**
**United States District Judge**